AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
A GREEN APPLE IPHONE CELLULAR TELEPHONE BEARING INTERNATIONAL MOBILE SUBSCRIBER IDENTITY (IMSI) NUMBER 310260274427338.

Case No. 21-5131MB

**SEARCH AND SEIZURE WARRANT**

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 8/4/21 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☒ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☒ for 30 days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ______________.

Date and time issued: July 21, 2021 @ 2:53pm

Deborah M. Fine
*Judge's signature*

City and state: Phoenix, Arizona

Honorable DEBORAH M. FINE, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

*Property to be searched*

The property to be searched is a green Apple iPhone cellular telephone bearing international mobile subscriber identity (IMSI) number 310260274427338, (hereafter the "SUBJECT CELLULAR TELEPHONE"). The SUBJECT CELLULAR TELEPHONE is currently located at 4041 N. Central Ave., Phoenix AZ.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance):

a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

c. all bank records, checks, credit card bills, account information, or other financial records;

d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

e. any information recording schedule or travel;

f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
A GREEN APPLE IPHONE CELLULAR TELEPHONE BEARING INTERNATIONAL MOBILE SUBSCRIBER IDENTITY (IMSI) NUMBER 310260274427338

Case No. 21-5131MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code/Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute Fentanyl |
| 21 U.S.C. § 846 | Attempted Possession with Intent to Distribute Fentanyl and Conspiracy to Possess with Intent to Distribute Fentanyl |

The application is based on these facts:

**See attached Affidavit of Special Agent TRAVIS GOFF**

☒ Continued on the attached sheet.
☒ Delayed notice of 30 days (give exact ending date if more than 30 days: ________________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA THOMAS M. FORSYTH III

TRAVIS E GOFF Digitally signed by TRAVIS E GOFF Date: 2021.07.21 12:15:04 -07'00'
*Applicant's Signature*

TRAVIS GOFF, Special Agent, HSI
*Printed name and title*

Sworn to before me telephonically and signed electronically.

Date: July 21, 2021 @ 2:53 pm

*Judge's signature*

City and state: Phoenix, Arizona

Honorable DEBORAH M. FINE, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

*Property to be searched*

The property to be searched is a green Apple iPhone cellular telephone bearing international mobile subscriber identity (IMSI) number 310260274427338, (hereafter the "SUBJECT CELLULAR TELEPHONE"). The SUBJECT CELLULAR TELEPHONE is currently located at 4041 N. Central Ave., Phoenix AZ.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance):

a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

c. all bank records, checks, credit card bills, account information, or other financial records;

d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

e. any information recording schedule or travel;

f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

Your Affiant, Travis Goff, being first duly sworn, hereby deposes and states as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephone further described in Attachment A (hereafter the "SUBJECT CELLULAR TELEPHONE"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. I am a Special Agent with the Department of Homeland Security ("DHS") Homeland Security Investigations ("HSI") and have been so employed since December 2009. I am currently assigned to HSI's Contraband Smuggling Group and my responsibilities include the investigation of money laundering and narcotics trafficking offenses.

3. As part of my duties as a HSI Special Agent, I investigate criminal violations relating to money laundering and narcotics trafficking offenses, including criminal violations of the federal controlled substance laws, including, but not limited to, Title 18 United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841 and 846. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances and the narcotics proceeds derived from them. I have initiated and participated in numerous criminal investigations involving controlled delivery operations, bulk cash pickup operations, undercover transactions, debriefing witnesses and informants, the execution of search warrants, the review of consensually recorded conversations and various types of

physical and electronic surveillance.

4. I have received specialized training in the enforcement of laws concerning the activities of money launderers and narcotics traffickers, and in investigations involving the interception of wire and electronic communications. I am familiar with the methods in which money launderers and narcotics traffickers conduct their business, including but not limited to their methods of money laundering, importing and distributing narcotics, and their use of telephones.

5. I have participated in investigations that have led to the issuance of search warrants involving violations of narcotics laws. These warrants involved the search of locations including residences of targets, their associates and relatives, "stash houses" (houses used as drug or money storage locations), storage facilities, cellular/camera phones, and computers. Evidence searched for and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized therefrom, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking.

6. The statements contained in this Affidavit are based on information derived from my personal knowledge, training, and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by confidential source(s); and analysis of public records.

7. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not set forth all relevant facts known to law enforcement officers. The following facts establish probable cause for the issuance of a search warrant for the aforementioned items.

///

///

## II. BASIS FOR PROBABLE CAUSE

8. This affidavit is made in support of an application for a warrant to search: (1) a green Apple iPhone cellular telephone bearing international mobile subscriber identity (IMSI) number 310260274427338 (the SUBJECT CELLULAR TELEPHONE), which is in the custody of Homeland Security Investigations, for evidence and instrumentalities described further in Attachment B, concerning narcotics offenses, in violation of Title 21, United States Code, Sections 841 and 846.

9. The statements in this affidavit are based on my personal knowledge, on information I have received from other law enforcement personnel, and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence and instrumentalities of violations of Title 21, United States Code, Sections 841 and 846, are located within the SUBJECT CELLULAR TELEPHONE. Therefore, while Homeland Security Investigations might already have all necessary authority to examine the device, I seek this warrant out of an abundance of caution to be certain that an examination of the device will comply with the Fourth Amendment and other applicable laws.

10. The SUBJECT CELLULAR TELEPHONE is currently in storage at 4041 N. Central Ave. in Phoenix, Arizona. In my training and experience, I know the SUBJECT CELLULAR TELEPHONE has been stored in a manner in which the contents are (to the extent material to this investigation) in substantially the same state as they were when the SUBJECT CELLULAR TELEPHONE first came into the possession of Homeland Security Investigations.

11. As explained in further detail, during the June 15, 2021 arrest of JOSE JONATHAN RANGEL-MORALES and ALEXIS ESPINOZA-SANTOYO, law

enforcement recovered the SUBJECT CELLULAR TELEPHONE. On June 17, 2021 the Honorable Eileen S. Willett signed a criminal complaint charging RANGEL-MORALES and ESPINOZA-SANTOYO with intent to distribute approximately 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance. On June 23, 2021, a grand jury returned an indictment charging RANGEL-MORALES and ESPINOZA-SANTOYO with intent to distribute approximately 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(a)(vi).

12. On June 15, 2021, at approximately 3:45 p.m., members of the East Valley Drug Enforcement Task Force (EVDETF) established surveillance at a Whataburger restaurant located at 2040 N. 75th Avenue in Phoenix, Arizona. Investigators had received information from an EVDETF undercover (UC) investigator that a drug transaction involving approximately 20,000 counterfeit oxycodone pills (presumably containing fentanyl) would occur at the Whataburger location between a red Ford Mustang and a blue Nissan Titan pickup truck. The UC later relayed that the drug courier in the red Mustang would be using cellular telephone number (602) 380-3593 (the SUBJECT CELLULAR TELEPHONE).

13. At approximately 5:34 p.m., investigators observed a red Ford Mustang (with black wheels bearing Arizona license 74A4AEA) drive by the west side of the above-mentioned Whataburger location and continue north through the parking lots in the area. An Arizona Motor Vehicle Department (MVD) records check revealed license plate 74A4AEA is registered to a 2014 Ford Mustang and Jose Luis Rangel Mora Sr. at 2117 S. 101st Drive in Tolleson, Arizona (hereafter the "Mustang").

14. At approximately 5:42 p.m., investigators observed the Mustang drive east through the connected Walmart parking lot and approach the parking lot for the Whataburger. At approximately 5:44 p.m., investigators saw the Mustang park in a space next to a blue Nissan Titan pickup truck on the southeast section of the Whataburger parking lot. At this time, surveillance units moved in and conducted a felony traffic stop on both the Mustang and blue Nissan Titan pickup truck based on the information from the UC investigator regarding these vehicles and the drug transaction.

15. At approximately 5:45 p.m., EVDETF investigators detained two passengers from the Mustang: Jose Jonathan RANGEL-Morales and Alexis Alberto ESPINOZA-Santoyo. The blue Nissan Titan pickup truck had no passengers. RANGEL and ESPINOZA were detained in handcuffs for officer safety.

16. At approximately 5:48 p.m., EVDETF investigators approached the Mustang to clear the vehicle of any additional persons. In doing so, investigators observed a black Glock 19 9mm semi-automatic pistol in plain view on the floor board behind the driver's seat. Also in plain view, investigators saw a red Reebok brand backpack that contained 10 clear baggies containing approximately 20,000 (2.138 kilograms) of blue, counterfeit oxycodone pills stamped "M|30." Based on training and experience, investigators know that blue pills stamped "M|30" that are trafficked in the Phoenix, Arizona region typically contain fentanyl.

17. After the arrest scene was cleared, investigators called the phone number provided by the UC (the SUBJECT CELLULAR TELEPHONE) and heard the SUBJECT CELLULAR TELEPHONE ringing on RANGEL's person. Investigators obtained the SUBJECT CELLULAR TELEPHONE from RANGEL.

///

///

///

## III. ITEMS TO BE SEIZED

18. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONE.

19. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

a. Drug traffickers often keep large amounts of United States currency on hand in order to maintain and finance their ongoing trafficking activities. Traffickers commonly maintain such currency where they have ready access to it, such as in their homes and vehicles. It is also common for traffickers to possess drug proceeds and items purchased with proceeds in their homes and vehicles. Thus, it is common for currency, expensive jewelry, precious metals, or financial instruments to be found in the possession of drug traffickers.

b. Traffickers and persons involved in the manufacturing, distribution, and possession of controlled substances often possess firearms and other weapons, both legal and illegal, in order to protect their person, drugs, or the proceeds of drug transactions. Traffickers commonly maintain such firearms and weapons where they have ready access to them, such as on their person, in their homes, and in their vehicles. In addition, other firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead, photographs of firearms, and paperwork showing the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items are commonly possessed by drug traffickers along with their firearms.

c. Traffickers often maintain paraphernalia for manufacturing and distributing controlled substances, including packaging materials, scales, and cutting agents. Traffickers commonly maintain such paraphernalia at stash houses, in their homes, or in their vehicles.

d. Traffickers often maintain paper records of their drug trafficking and money laundering activities. Your Affiant knows that such records are commonly maintained for long periods of time and therefore are likely to be found at the **Subject Premises.**

e. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONE.

20. In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONE.

## IV. DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

21. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONE. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

22. *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONE for at least the following reasons:

a. Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

b. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or

viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

23. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONE because:

a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic

storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g.,

running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c. A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONE, including the use of computer-assisted scans.

25. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V. CONCLUSION

26. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance) are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONE further described in Attachment A.

TRAVIS E GOFF Digitally signed by TRAVIS E GOFF Date: 2021.07.19 20:16:48 -07'00'

Special Agent TRAVIS GOFF
Homeland Security Investigations

Subscribed electronically and sworn to me telephonically this 21st day of July, 2021. @ 2:53 pm

HONORABLE DEBORAH M. FINE
United States Magistrate Judge